[Civ. No. 17513. First Dist., Div. One. Oct. 7, 1957.]

Estate of CATHERINE DORAN, Deceased. MARGARET E. MILLER et al., Appellants, v. WELLS FARGO BANK, as Administrator, etc., Respondent.

John P. Doran for Appellants.

Haskell Titchell for Respondent.

BRAY, J.—Motion by respondent to dismiss appeal on ground of failure of appellants to file opening brief. Motion by appellants to stay appeal.[1]

Appellants desire a stay of appeal until action Number 466442 now pending in the Superior Court of the City and County of San Francisco is determined. The appeal in *Estate of Doran,* No. 17513, is from an order of the probate court taxing costs and denying that costs on appeal be paid from the estate.[2] A companion appeal is Number 17593, *Reverend Mother Mary Pauline* v. *Honorable Timothy I. Fitzpatrick, post,* p. 872 [316 P.2d 84] and is from a judgment of the superior court refusing to set aside on the ground of fraud the order of heirship which was the subject matter of *Estate of Doran,* 138 Cal.App.2d 541 [292 P.2d 655], *supra.* Subsequently to the entry of judgment in appeal Number 17593, appellants brought an action in the superior court to set aside the last mentioned judgment on the ground of fraud. This action is not yet at issue. We see no reason for staying this appeal to await the outcome of that action.

An examination of the records in both appeals shows that appellants have been not only dilatory but have made no effort

---

[1]Appellants filed a demand that all the justices of this division disqualify themselves. However, even though the motions were without merit, appellants stipulated at oral argument that the above mentioned motions should be decided by said justices.

[2]*Estate of Doran,* 138 Cal.App.2d 541 [292 P.2d 655], determined that the persons who are appellants in these proceedings are not heirs of said decedent or interested in said estate.

to file opening briefs. In Number 17513 this court granted eight extensions of time covering a period of approximately nine months. In Number 17593 this court granted six extensions covering a period of approximately six months. In both cases the court notified appellants to either file their opening briefs or to move for a stay of proceedings prior to August 27, 1957, or the appeals would be dismissed. While appellants filed a request for stay of proceedings they did not notice it for hearing until after respondent served and filed motions to dismiss. On September 18th appellants filed motions for stay of proceedings designating the date for hearing said motions as September 24th. Rule 41(a), Rules on Appeal, requires such motions to be filed at least 10 days before the date designated for hearing said motions.

 On August 29, 1957, notices as to both matters were mailed to appellants in accordance with rule 17(a) of the Rules on Appeal. These notices provided that if the opening briefs were not filed within 30 days or good cause shown for relief from default, the appeals would be dismissed by the court. The appellants failed to file the opening briefs within said 30-day period, and have not shown good cause for relief from default. The appeals are therefore subject to dismissal under rule 17(a).

Appellants at no time have indicated that they intend to file briefs but have taken the position that they are entitled to delay the filing of briefs until the determination of the said superior court action which is not yet at issue.

In view of the dilatoriness shown by appellants and the failure to comply with said rule 41(a) and of the notice given appellants under rule 17(a), the motion to stay proceedings is denied and the motion to dismiss is granted.

Peters, P. J., and Wood (Fred B.), J., concurred.